# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) |
| INFORMATION ASSOCIATED WITH ACCOUNTS "six0.seem" STORED AT PREMISES CONTROLLED BY META PLATFORMS, INC. | ) ) ) |

Case No.  22-MJ-1356

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A

located in the ___Norhtern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

❏ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Felon in possession of a firearm and ammunition |

The application is based on these facts:

See attached affidavit

❏ Continued on the attached sheet.

❏ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s Franklin Fernandez

*Applicant's signature*

Franklin Fernandez Special Agent, ATF

*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___Aug. 31, 2022___

/s Carol Sandra Moore Wells

*Judge's signature*

City and state: ___Philadelphia, PA___

Hon. Carol Sandra Moore Wells, U.S. Mag. Judge

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Special Agent ("SA") Franklin Fernandez, of the Bureau of Alcohol, Tobacco, Firearms

and Explosives ("ATF") and, being duly sworn, hereby deposes and states as follows:

## INTRODUCTION and BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for

information associated with the Instagram Account "six0seem", (the "SUBJECT ACCOUNT")

that is stored at premises owned, maintained, controlled, or operated by Instagram, LLC,

("Instagram") a social-networking company owned by Meta Platforms, Inc. which employs a

Law Enforcement Response Team located at 1601 Willow Road, Menlo Park, San Francisco,

California 94025.  The information to be searched is described in the following paragraphs and

in Attachment A.  This affidavit is made in support of an application for a search warrant under

18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A), to require Meta Platforms, Inc./Instagram to

disclose to the government records and other information in its possession, including the contents

of communications, pertaining to the subscriber or customer associated with the SUBJECT

ACCOUNT.

2.      Based on the facts set forth in this Affidavit, I submit there is probable cause to

believe that the user of the Instagram Account listed in Attachment A is involved in violations of

18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition). I further submit that

there is probable cause to believe the Instagram Account listed in Attachment A, will contain

evidence of these violations.

3.      I am a Special Agent with the Department of Justice, Bureau of Alcohol,

Tobacco, Firearms, and Explosives ("ATF"), and have been so employed since March 2018.

Prior to ATF, I worked for approximately four years as a criminal investigator with the Naval Criminal Investigative Service ("NCIS") in Virginia Beach, VA, and was responsible for felony level investigations that involved the United States Navy and Marine Corps. Among a myriad of case categories I investigated while at NCIS, I was primarily focused on death cases, sexual assault cases, physical threat cases and theft of United States government property cases. I am currently assigned to ATF Philadelphia Group III, whose primary responsibilities include investigating violent crime as well as individuals or groups who commit violations of federal laws in Philadelphia, Pennsylvania. During my law enforcement career, I have received extensive training regarding violations of federal law, with an emphasis on federal firearms violations. I have successfully completed the Criminal Investigator Training program (CITP) as well as the ATF Special Agent Basic Training program (SABT). I have conducted investigations involving violations of federal firearms and narcotics laws. As a result of my prior investigations, I have authored and executed federal search warrants and seized evidence in accordance with the probable cause set forth in the affidavits. I have attended training and investigated cases encompassing the use of social media platforms as a means of communication and am familiar with the use of related social media applications to facilitate criminal activities.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The dates and times listed in this affidavit should be read as "on or about" dates and times.

5.      Based on the facts set forth below, I have probable cause to believe that Aasim HARPS-BUSBEE committed the following violations within the Eastern District of Pennsylvania:

18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition).

## JURISDICTION

6.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7.     The United States, including the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is conducting a criminal investigation of Aasim HARPS-BUSBEE, and others, regarding violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition).

8.     In sum, on July 6, 2022, ATF investigators became aware of the Instagram account "six0.seem" (SUBJECT ACCOUNT), attributed to Aasim HARPS-BUSBEE. This SUBJECT ACCOUNT displayed a "story" post displaying a semi-automatic pistol then after the SUBJECT ACCOUNT displayed another "story" post offering a semi-automatic pistol for sale. Investigators knew HARPS-BUSBEE to be a person federally prohibited from possessing firearms and ammunition due to prior felony convictions for robbery and statutory sexual assault. As a result, investigators used an agency approved Instagram Account to operate in an undercover capacity ("UC") and responded to the SUBJECT ACCOUNT. The UC messaged the SUBJECT ACCOUNT and expressed an interest in purchasing the firearm listed for sale. The SUBJECT ACCOUNT responded with a photograph of a firearm and agreed to meet the UC later in the day to sell the firearm for 700 dollars. Investigators then coordinated with police and detained HARPS-

BUSBEE near 60th and Market Street's in Philadelphia, Pennsylvania. In part, investigators recovered six (6) live rounds of ammunition from HARPS-BUSBEE. ATF continued the investigation and later obtained a federal arrest warrant, via criminal complaint, and took HARPS-BUSBEE into custody. In a post-Miranda interview, HARPS-BUSBEE admitted to the investigators that he was trying to sell a firearm and explained that he possessed both the firearm and ammunition and knew he was prohibited from doing so.

## INVESTIGATION

9.      On July 6, 2022, at approximately 12:32 a.m., ATF investigators observed and recorded a "story" post to the SUBJECT ACCOUNT that depicted money, a lighter, a backwoods blunt wrapper and an apparent .380 caliber, silver/black, semi-automatic pistol. The firearm's engravings were legible in the photograph, and the serial number appeared to be "S001017".  The lighter is secured in a blue belt clip consistent with pictures HARPS-BUSBEE previously posted of himself to the SUBJECT ACCOUNT.



10.     On July 8, 2022, at approximately 11:19 a.m., ATF investigators observed and recorded a "story" post to the SUBJECT ACCOUNT reading "Who need a 80 I need 7". Investigators immediately recognized this to be an advertisement of a .380 caliber pistol for sale for $700.  Investigators noted that the caliber offered for sale was identical to the firearm depicted on July 6th, 2022.



11.     On July 11, 2022, ATF investigators observed and recorded a post made to the SUBJECT ACCOUNT that depicted HARPS-BUSBEE in a red shirt and shoes, black belt, black crossbody bag, and grey jeans. The photograph was tagged "60th Street Station" and the surroundings appeared consistent with the Market-Frankford Subway line's 60th Street Station, Philadelphia, Pennsylvania; ATF investigators knew HARPS-BUSBEE to frequent the area. ATF Investigators noted that one of the pictures depicted HARPS-BUSBEE with a rectangular object concealed in his waistband. The accompanying timestamp indicated that the post was created on

July 10th, at approximately 8:00 p.m. and was accompanied by the caption "Keep a blicky shxt get stick, ain't no trapper fuckin wit me" followed by emojis and hashtags including "#northside". ATF investigators know "blicky" to be synonymous with a firearm.



12.     On July 11, 2022, ATF investigators began watching Realtime Crime Cameras near 60th and Market Street, Philadelphia, Pennsylvania, and observed HARPS-BUSBEE in the area wearing identical clothing. At 11:15 a.m., investigators initiated a conversation with the SUBJECT ACCOUNT inquiring about the availability of the firearm.  During the message conversation, the SUBJECT ACCOUNT identified the firearm that was being offered for sale as his own. Investigators requested a picture of the firearm, which the SUBJECT ACCOUNT agreed to provide and responded, "Hold on imma go to the side block I'm in the deli". Nearly

contemporaneously, HARPS-BUSBEE is observed on Real-Time Crime cameras walking eastbound on 5900 Market Street, Philadelphia, Pennsylvania, and then northbound on the unit block of North Salford Street, Philadelphia, Pennsylvania, with a cell phone in his right hand. HARPS-BUSBEE can be seen continuing northbound on Salford Street mid-block where, at 11:34 a.m., he is observed ducking down behind several parked vehicles out of the view of the camera. Investigators received a still image of a Sig Sauer Model P230 semi-automatic pistol from the SUBJECT ACCOUNT at 11:36 a.m., and agreed to meet with the account's operator, believed to be HARPS-BUSBEE, later in the day to purchase the firearm near 60th and Market Street, Philadelphia, Pennsylvania, for 700 dollars.





13.    On July 11, 2022, ATF investigators and members of the Philadelphia Police Department ("PPD') 19th District, detained HARPS-BUSBEE in front of the beer deli at 5937 Market St. Investigators recovered from HARPS-BUSBEE marijuana packaged for distribution and (6) .380 caliber live rounds from his crossbody bag but a firearm was not located.

14.    On July 11, 2022, HARPS-BUSBEE was transported to the PPD 19th District where he waived his Miranda-warnings and agreed to speak with investigators. HARPS-BUSBEE admitted to possessing and photographing the depicted pistol but stated that he handed the pistol to an unknown person near 60th and Market St. approximately 20 minutes before he was stopped by police. He further admitted that he carried a firearm for protection due to his involvement in the illegal sale of narcotics. HARPS-BUSBEE consented to the search of his two (2) cellphones (iPhone 13 Pro and iPhone 8) and provided investigators with the passcodes. HARPS-BUSBEE was released pending further investigation.

15.     On July 11, 2022, at approximately 12:35 a.m., investigators sent a preservation request to Meta Platforms, Inc., to preserve the SUBJECT ACCOUNT.

16.     On July 13, 2022, investigators examined the contents of HARPS-BUSBEE's iPhone 13 Pro. A review of the phone showed in part that on July 6, 2022, at 3:59:57 a.m. (UTC) and 3:50:45 a.m. (UTC), two (2) photographs named IMG_0371 and IMG_0372 were captured by the phone. The two photographs both feature a black and silver pistol, a lighter and a "Backwoods" Cigar package. Investigators enlarged the image of the firearm and determined it displayed the stamped writing, "INTERARMS, ALEXANDRIA VIRGINIA, .380 Auto, S001017", on the silver frame of the firearm. This photograph appears to be identical to the photograph referenced in paragraph #9. The iPhone 13 Pro was also logged into Instagram as the SUBJECT ACCOUNT.

 

17.     On July 18, 2022, the Hon. Elizabeth T. Hey, U.S. Magistrate Judge, Eastern District of Pennsylvania ("EDPA"), issued a warrant via Criminal Complaint, Case No. 22-1131, for the arrest of HARPS-BUSBEE.

18.    On July 19, 2022, ATF investigators arrested HARPS-BUSBEE. In a post-Miranda interview, investigators showed HARPS-BUSBEE a screenshot photograph taken from the SUBJECT ACCOUNT. HARPS-BUSBEE described the gun as a "380 Sig Sauer, P230" and advised he obtained the firearm from an unknown person, approximately one (1) month before July 11, 2022, and that approximately four (4) days after he obtained it, he shot it at a wall on the Unit Block of Dewey Street to make sure that it worked – HARPS-BUSBEE stated it worked and that it shot. Investigators asked HARPS-BUSBEE if he used the same ammunition as what we took out of his bag and showed HARPS-BUSBEE a photograph of the ammunition taken from his bag on July 11, 2022. HARPS-BUSBEE stated it was the same ammunition. Investigators inquired as to why HARPS-BUSBEE left some of the ammunition in his bag to which he replied that the clip was filled, and he forgot the ammunition was in there.




19.     On August 4, 2022, HARPS-BUSBEE was indicted by a federal Grand Jury sitting in the Eastern District of Pennsylvania for violations of 18 U.S.C. § 922(g)(1).

### BACKGROUND CONCERNING Meta Platforms, Inc. (Instagram)

20.     Instagram is a service owned by Meta, a United States company and a provider of an electronic communications service as defined by 18 U.S.C. §§ 3127(1) and 2510.  Specifically, Instagram is a free-access social networking service, accessible through its website and its mobile application, that allows subscribers to acquire and use Instagram accounts, like the target account(s) listed in Attachment A, through which users can share messages, multimedia, and other information with other Instagram users and the general public. The service is accessible, and frequently utilized, via a user's mobile device.  The Instagram "story" feature allows users to post videos and photographs in near real time with an internet access device equipped with a camera or recording device.  The posts made to an Instagram user's "story" expire after (24) hours, however, in many instances the videos and images posted to the account are stored locally on the recording device. Instagram "Live" sessions are, as their name indicates, real-time live video streams hosted by a single account or between multiple accounts.  This communication may be accomplished utilizing any electronic device with internet access to the Instagram platform and a camera but is not stored locally or by Meta Platforms, Inc.  This technology is commonplace on nearly all mobile devices in use today.  Additionally, a "geotag" may be added to an image or video posted to Instagram.  The "geotag" is an electronic tag that assigns a geographical location to a photograph or video, posted to social media.

21.     Instagram allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and other information.  Users can access Instagram

through the Instagram website or by using a special electronic application ("app") created by the company that allows users to access the service through a mobile device.

22.     Instagram permits users to post photos to their profiles on Instagram and otherwise share photos with others on Instagram, as well as certain other social-media services, including Flickr, Meta Platforms, Inc., and Twitter.  When posting or sharing a photo on Instagram, a user can add to the photo: a caption; various "tags" that can be used to search for the photo (e.g., a user made add the tag #vw so that people interested in Volkswagen vehicles can search for and find the photo); location information; and other information.  A user can also apply a variety of "filters" or other visual effects that modify the look of the posted photos.  In addition, Instagram allows users to make comments on posted photos, including photos that the user posts or photos posted by other users of Instagram.  Users can also "like" photos.

23.      Upon creating an Instagram account, an Instagram user must create a unique Instagram username and an account password.  This information is collected and maintained by Instagram.

24.     Instagram asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. This information may include the user's full name, e-mail addresses, and phone numbers, as well as potentially other personal information provided directly by the user to Instagram.  Once an account is created, users may also adjust various privacy and account settings for the account on Instagram.  Instagram collects and maintains this information.

25.     Instagram allows users to have "friends," which are other individuals with whom the user can share information without making the information public.  Friends on Instagram may come from either contact lists maintained by the user, other third-party social media

websites and information, or searches conducted by the user on Instagram profiles.  Instagram collects and maintains this information.

26.    Instagram also allows users to "follow" another user, which means that they receive updates about posts made by the other user.  Users may also "unfollow" users, that is, stop following them or block the, which prevents the blocked user from following that user.

27.    Instagram allow users to post and share various types of user content, including photos, videos, captions, comments, and other materials.  Instagram collects and maintains user content that users post to Instagram or share through Instagram.

28.    Instagram users may send photos and videos to select individuals or groups via Instagram Direct.  Information sent via Instagram Direct does not appear in a user's feed, search history, or profile.

29.    Users on Instagram may also search Instagram for other users or particular types of photos or other content.

30.    For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app.  Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP") address associated with the request, type of browser used, any referring/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

31.    Instagram also collects and maintains "cookies," which are small text files containing a string of numbers that are placed on a user's computer or mobile device and that allows Instagram to collect information about how a user uses Instagram.  For example,

Instagram uses cookies to help users navigate between pages efficiently, to remember preferences, and to ensure advertisements are relevant to a user's interests.

32.     Instagram also collects information on the particular devices used to access Instagram.  In particular, Instagram may record "device identifiers," which includes data files and other information that may identify the particular electronic device that was used to access Instagram.

33.     Instagram also collects other data associated with user content.  For example, Instagram collects any "hashtags" associated with user content (i.e., keywords used), "geotags" that mark the location of a photo, and which may include latitude and longitude information, comments on photos, and other information.

34.     Instagram also may communicate with the user, by email or otherwise.  Instagram collects and maintains copies of communications between Instagram and the user.

35.     As explained herein, information stored in connection with an Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, an Instagram user's account activity, IP log, stored electronic communications, and other data retained by Instagram, can indicate who has used or controlled the Instagram account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, profile contact information, direct messaging logs, shared photos and videos, and captions (and the data associated with the foregoing, such as geo-location, date, and time) may be evidence of who used or controlled the Instagram account at a relevant time.  Further, Instagram account activity can show how and when the account was

accessed or used.  For example, as described herein, Instagram logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation.  Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation.  Additionally, Instagram builds geo-location into some of its services.  Geo-location allows, for example, users to "tag" their location in posts and Instagram "friends" to locate each other.  This geographic and timeline information may tend to either inculpate or exculpate the Instagram account owner.  Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation.  For example, information on the Instagram account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

36.     Therefore, the computers of Instagram are likely to contain all the material described above, including stored electronic communications and information concerning subscribers and their use of Meta Platforms, Inc. and Instagram, such as account access information, transaction information, and other account information.

37.     Based on my training and experience I know that it is common for individuals involved in firearms trafficking to advertise firearms for sale using social media platforms. It is no different in this case, the SUBJECT ACCOUNT was used to advertise a Sig Sauer, P230 semi-automatic pistol for sale. I have been involved in several criminal investigations where those

responsible for a crime and/or have knowledge of a specific crime have taken photographs/videos of evidentiary value and have stored them in their cellular phone or have communicated and shared such items through direct messaging via social media, with other individuals. These items of evidentiary value can assist in revealing associates and/or co-conspirators and/or participants.

38.     With the widespread use of social media sites such as Meta Platforms, Inc and Instagram, and other social media outlets, I have been involved in several investigations where those responsible and/or have knowledge of a specific crime have posted items of evidentiary value on their social media accounts.   These items include photos of themselves with firearms, phrases/details about the crime where they admit responsibility and/or know who is responsible for the crime.   In additions to the photographs and statements, it can reveal associates and/or co-conspirators and/or participants.

39.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition) have been committed by Aasim HARPS-BUSBEE and others. There is also probable cause to search the SUBJECT ACCOUNTS for information described in Attachment A for evidence of these crimes and items to be seized listed in Attachment B.

40.     Based on the facts and circumstances herein, HARPS-BUSBEE used the SUBJECT ACCOUNT to promote his illegal possession and sale of firearms. Based on my training and experience, and what I have learned thus in this investigation; I believe that the content in the SUBJECT ACCOUNT being sought with this warrant application will contain valuable evidence in furtherance of this investigation.

## **Conclusion**

41.     Based on the aforementioned information, I respectfully submit that there is probable cause to believe that evidence of violations, or attempted violations, of 18 U.S.C. § 922(g)(1) are within the SUBJECT ACCOUNT described in Attachment A.

42.     Based on the forgoing, I request that the Court issue the proposed search warrant.

43.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.  The government will execute this warrant by serving it on Instagram.  Because the warrant will be served on Instagram, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,


/s Franklin Fernandez
Franklin Fernandez
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives


SUBSCRIBED and SWORN to before me
on August 31, 2022, at 4:14 p.m.


/s Carol Sandra Moore Wells
The Honorable Carol Sandra Moore Wells
United States Magistrate Judge

## <u>ATTACHMENT A</u>

### Property to Be Searched

This warrant applies to information associated with the Instagram accounts:

1.   Subject Account #1 – six0seem

that are stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., 1601 Willow Rd, Menlo Park, CA 94025.

## ATTACHMENT B

### Particular Things to be Seized

**I.    Information to be disclosed by Instagram, LLC**

To the extent that the information described in Attachment A is within the possession, custody, or control of Instagram, LLC, including any messages, records, files, logs, or information that have been deleted but are still available to Instagram, LLC, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Instagram, LLC is required to disclose the following information to the government for each account listed in Attachment A for the user ID(s) listed in Attachment A for the time March 1st, 2022 to August 1st, 2022:

   a.   All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

   b.   All past and current usernames associated with the account;

   c.   The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

   d.   All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

   e.   All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

f.      All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

g.      All <u>communications</u> or other messages sent or received by the account;

h.      All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other content;

i.      All photographs and images in the user gallery for the account;

j.      All photos and videos uploaded by that user ID and all photos and videos uploaded by any user that have that user tagged in them;

k.      All profile information; News Feed information; status updates; links to videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Meta Platforms, Inc. and Instagram user identification numbers; groups and networks of which the user is a member, including the groups' Meta Platforms, Inc. group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Meta Platforms, Inc. and Instagram applications;

l.      All location data associated with the account, including geotags;

m.      All data and information that has been deleted by the user;

n.      A list of all of the people that the user follows on Instagram and all people who are following the user (*i.e.*, the user's "following" list and "followers" list), as well as any friends of the user;

o.      A list of all users that the account has "unfollowed" or blocked;

p.      All privacy and account settings;

q.    All records of Instagram searches performed by the account, including all past searches saved by the account;

r.    All information about connections between the account and third-party websites and applications; and,

s.    All records pertaining to communications between Instagram, LLC and any person regarding the user or the user's Instagram account, including contacts with support services, and all records of actions taken, including suspensions of the account..

t.    All other records of communications and messages made or received by the user, including all private messages, chat history, video calling history, and pending "Friend" and "Follower" requests;

u.    All records or other information regarding the devices and internet browsers associated with, or used in connection with, that user ID, including the hardware model, operating system version, unique device identifiers, mobile network information, and user agent string;

v.    The types of service utilized by the user;

w.    The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

x.    All privacy settings and other account settings, including privacy settings for individual Meta Platforms, Inc. and Instagram posts and activities, and all records showing which Meta Platforms, Inc. and Instagram users have been blocked by the account;

y.      All Meta Platforms, Inc. and Instagram accounts accessed by the browser(s) and device(s) associated with the Target Accounts as determined by the analysis of "cookies" and/or" machine cookies."

z.      All records pertaining to communications between Meta Platforms, Inc. and Instagram and any person regarding the user or the user's Meta Platforms Inc. and Instagram account, including contacts with support services and records of actions taken.

aa.     All information contained in and stored under the new "recently deleted" feature added by Instagram on February 2nd, 2021.  This is to include any and all information contained in the folder "recently deleted" such as photos, videos, reals, IGTV videos and stories for the Subject Instagram Accounts listed in Attachment "A" for the listed dates of March 1st, 2022 through August 1st, 2022.

Instagram is hereby ordered to disclose the above information to the government within 14 days from the of issuance of this warrant.

## II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition) for the username identified on Attachment A, information pertaining to the following matters:

(a) All items pertaining to the planning or commission of firearms violations, the possession, procurement, distribution or storage of firearms or ammunition; and the distribution, expenditure or location of the firearms violations;

(b) Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Instagram account owner;

(c) Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(e) Evidence that may identify any co-conspirators or aiders and abettors, including records that reveal their whereabouts

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC**

**RECORDS PURSUANT TO FEDERAL RULES OF**

**EVIDENCE 902(11) AND 902(13)**

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by Instagram, LLC, and my title is _____.  I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of Instagram, LLC.  The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**.  I further state that:

a.  all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Instagram, LLC, and they were made by Instagram, LLC as a regular practice; and

b.  such records were generated by Instagram, LLC's electronic process or system that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Instagram, LLC in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by Instagram, LLC, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____
Date                                              Signature

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.    22-MJ-1356 |
| | ) | |
| INFORMATION ASSOCIATED WITH | ) | |
| ACCOUNTS "six0.seem" STORED AT  PREMISES | ) | |
| CONTROLLED BY META PLATFORMS, INC. | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Northern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____ September 10, 2022 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the duty magistrate.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      08/31/2022 4:14 pm                    /s Carol Sandra Moore Wells
                                                                              *Judge's signature*

City and state:      Philadelphia, PA                    Hon. Carol Sandra Moore Wells, U.S. Mag. Judge
                                                                              *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>    22-MJ-1356 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| Certification |
|---|
|          I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date:  _____                    _____<br>                                                                                                    *Executing officer's signature*<br><br>                                                                           _____<br>                                                                                                         *Printed name and title* |